NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| LOUIS L. SPAGNOLA, et. al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Civ. No. 07-1813 (PGS) |
| v. | : | |
| | : | **OPINION AND ORDER** |
| CITY OF PATTERSON, et. al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**BROWN, Chief District Judge**

This matter having come before the Court upon the motion of one of the defendants, Mayor Jose Torres, to transfer this case to the Newark Vicinage (Docket Entry Nos. 49 and 50)[1]; and Plaintiff Louis L. Spagnola having filed late opposition to this motion (Docket Entry No. 51); and Defendant Torres having submitted a reply on July 28, 2009, (Docket Entry No. 52) arguing that to the extent that the Court considers the untimely filing submitted by Plaintiff Spagnola, he requests that the Court also consider his reply; and the Court having considered all of the submissions of the parties; and the Court having decided the matter pursuant to Local Civil Rule 40.1(a), (c), (e), which establishes that the "reallocation or reassignment of any case, shall be upon the order of the Chief Judge" and that the factors to be considered in allocating a civil case shall include "the residence of the defendant, the convenience of litigants, counsel and witnesses, and the place where the cause of action arose," in addition to the efficiency of the administration of justice; and the Court noting that the present case has been assigned to United States District Judge Peter G. Sheridan since its

---

[1] These motions appear substantially similar, and therefore, this Opinion and Order addresses both motions.

inception and that Judge Sheridan is formally assigned to the Newark Vicinage, but at present physically sits in the Trenton Vicinage; and the Court having considered Plaintiff Torres's argument in support of his motion that this case should be reassigned to a District Judge that physically sits in the Newark Vicinage for the convenience of the parties, some of whom apparently reside in northern New Jersey (Defs.' Mot. Br.)(Docket Entry No. 49-3); and the Court having considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78; and the Court having concluded in its discretion that this case should not be reassigned because the geographic differential between Newark and Trenton is not great, and does not compel the reassignment of this case; and for good cause shown

    IT IS THIS 7th day of August, 2009, hereby

    ORDERED that Defendants' motion to transfer vicinage (Docket Entry Nos. 49 and 50) is DENIED.

                                  s/ Garrett E. Brown, Jr.
                                  GARRETT E. BROWN, JR., U.S.D.J.